RICKER (KENNEDY v.). See Case No. 7,705.

RICKERS (The ELIZABETH v.). See Case No. 4,353.

## Case No. 11,805.

RICKETSON et al. v. WRIGHT et al.

[3 Sumn. 335.] [1]

Circuit Court, D. Massachusetts. May Term, 1838.

ASSUMPSIT—WAIVER — COMMISSIONS — INTEREST — GOODS UNLAWFULLY TAKEN.

Assumpsit was brought for the proceeds of a cargo, which was taken, under legal process

[1] [Reported by Charles Sumner, Esq.]

by the defendants, (the consignees) in a foreign port, for the debts of the prior owners of the ship. Held, that the plaintiffs, (the consignors), by bringing assumpsit, had waived the tort, so that the customary commissions should be allowed the defendants; but that the defendants were chargeable with interest from the time of the receipt by them of the proceeds of the cargo.

Assumpsit by the plaintiffs (the consignors), for the proceeds of a cargo, which had been taken, under legal process, by the defendants (the consignees), in Rio de Janiero, for the debts of the prior owners of the ship. It was held by the court, that, if the taking was unlawful, it has been so far affirmed by bringing assumpsit, that the customary commissions should be allowed to the defendants. Upon that principle, the parties agreed upon a settlement. A question arose, however, as to the time from which interest should be computed; whether, from the actual receipt of the money by the defendants in Rio, or from the time when the same would have been received as cash by the plaintiffs in Boston, if remitted in the ordinary course of such business. The plaintiffs insisted, that the defendants, having had the money, and the use of it, should pay interest from the time of its receipt, having in fact made no remittance. The defendants insisted, that the sale being affirmed by the action, was to be taken in all respects, as if made by the order of the plaintiffs, and that the interest, being in the nature of damages for detention of the money, must date from the time when the defendants were bound to have paid it over. Judgment was entered, subject to the opinion of the court upon certain questions, all of which, except this, had been adjusted between the parties.

Charles G. Loring, for plaintiffs.

Franklin Dexter, for defendants.

STORY, Circuit Justice. The sole remaining question in this case is as to the time from which interest is to run on the proceeds of the property; whether from the time of the receipt of the money by the defendants; or from the time, when the same would have been received as cash by the plaintiffs, if remitted in the ordinary course of business.

The question is not without difficulty; but from the best consideration, which I have been able to give it, my opinion is, that interest ought to run from the receipt of the money by the defendants. If this were the case of an ordinary transaction and sale by consignees, who had sold property on account of the consignors, in violation of their orders, and held the proceeds for and on account of their principals, I should have no doubt, that the plaintiffs, by bringing assumpsit for the proceeds, had affirmed the sale and proceedings throughout, and that the acts of the consignees, being done by them throughout for and on account of the principals, must be all deemed to be adopted by the principals. But here, the case is entirely otherwise. The de-

fendants, so far from attaching or selling the property on account of the plaintiffs, and retaining the proceeds for their account, professedly acted throughout adversely to the plaintiffs, and on their own sole account. They insisted upon the right to hold the proceeds for themselves, as their own property, rightfully acquired; and although the plaintiffs, by bringing assumpsit for the proceeds, have waived the tort, it is impossible to say, that they have adopted or ratified the acts of the defendants, in retaining the proceeds for their (the defendants) own use and account. That would be to defeat their own right to recover in this very suit upon the merits. I think, therefore, that the defendants must still be deemed to have received and held the proceeds adversely to the plaintiffs, and of course to have had the possession of the funds, and to have used them for their own benefit. And if so, they ought to pay interest for the same from the time, when the funds were appropriated to their own use. In the common case of an illegal conversion of property by a defendant, acting adversely and for his own interest in the sale of the property, the plaintiff does not, by waiving the tort and bringing assumpsit for the proceeds, do more than affirm the sale. The defendant is still liable for interest upon the amount from the time of receiving the proceeds of the sale; for he has received and detained them, not for the plaintiff, but for himself. And the presumption of law is, that the defendant in such a case has derived a benefit from the use of the funds equivalent to the interest; or, what is equally potent, that the plaintiff has lost the use of his money from the time of the receipt thereof by the defendant, by the unlawful and wrongful detention of the defendant. In the present case, it is perfectly clear, that the plaintiffs never could have drawn a bill for the funds, which would have been honored, nor could they have insisted successfully upon a remittance of them. And up to the very time of the trial of the present cause, the defendants have claimed the proceeds as their own, not recognizing, but absolutely repudiating the title of the plaintiffs. It seems to me that interest, therefore, belongs to the plaintiffs during all the time of the detention.